MR. JUSTICE SHEEHY
delivered the opinion of the Court.
William Boisvert appeals from a summary judgment entered against him in favor of the defendant Board of Trustees, School District No. 12, Harlem, Blaine County, Montana, by the Twelfth Judicial District Court, Blaine County.
The issue determined by us in this appeal is the meaning of the term “marital status” as used in the Human Rights Act, sections 49-2-101 et seq., MCA, and the Governmental Code of Fair Practices, sections 49-3-101 et seq., MCA.
William Boisvert, as high school principal for the defendant school board, and James Thompson, as superintendent of schools, filed a joint complaint alleging that the school board employment policy was discriminatory to them because of their marital status.
Boisvert had been employed by the school board for 13 years. For the last 2 of those years, he had been the principal of Harlem High School. Before that he was a teacher. He is married to a tenured teacher employed for several years at the junior high school by the school board.
*268 James Thompson had been employed by the school board for 22 years; the first 6 years as a teacher; the next 13 years as an elementary school principal; and for the last 3 years as superintendent of schools. His wife is also a tenured teacher in the Harlem school system.
On October 16, 1979, the school board adopted a policy, to be effective July 1, 1980, incorporated in the following resolution:
“That all school administrators of the Harlem Public Schools shall not have a spouse employed in any'capacity in the Harlem school system.”
On December 19, 1979, the school board terminated James Thompson’s employment as superintendent and reduced in rank William Boisvert from high school principal to classroom teacher. The sole reason given by the school board for Thompson’s termination and Boisvert’s reduction in rank was the policy as set forth in the resolution.
In their complaint, Thompson and Boisvert alleged that the school board’s action was discriminatory. They requested the District Court to enjoin the school board from so acting with respect to their employment, and to determine that the school board resolution was void as contrary to law.
The school board filed a motion for summary judgment after the court had denied plaintiffs’ motion for an injunction pendente lite. The District Court granted the motion for summary judgment on August 12, 1980 and judgment thereon was entered on August 26, 1980. William Boisvert timely appealed.
This appeal turns on the meaning of the term “marital status”, as it appears in the governing statutes, section 49-2-303(l)(a) and 49-3-201(1), MCA.
Section 49-2-303(1 )(a) reads in part as follows:
“(1) It is an unlawful discriminatory practice for:
“(a) an employer to refuse employment to a person, to bar him from employment, or to discriminate against him in compensation or in a term, condition, or privilege of employment because of his . . . marital status . . .”
*269 Section 49-3-201(1) reads in part:
“State and local government officials and supervisory personnel shall recruit, appoint, assign, train, evaluate, and promote personnel on the basis of merit and qualification without regard to . . . marital status . . .”
In reaching its decision, the District Court decided two subissues: (1) that under the statutes, the resolution of the school board cannot be defended or supported on the basis of justification or reasonable grounds for its action, and (2) that the legislature intended the term “marital status” to be defined as the “state of being married, unmarried, divorced, or widowed.” Using that definition, the District Court determined that the policy adopted by the school board did not require a person to have any párticular marital status in order to qualify for employment or to retain employment.
We find that the term “marital status” should be more broadly interpreted to accomplish the legislative objective of removing discriminatory practices in employment and therefore reverse the District Court.
We look first at the school board’s contention that the policy was adopted without discriminatory intent, and that their policy could be defended as “based on reasonable grounds.”
The school board argues that section 49-2-308(1) governs. That section reads as follows:
“It is unlawful discriminatory practice for the state or any of its political subdivisions: (1) to refuse, withhold from or deny to a person any local, state, or federal funds, services, goods, facilities, advantages, or privileges because of . . . marital status . . . unless based on reasonable grounds.”
The clause “based on reasonable grounds” does not appear in section 49-2-303(l)(a), MCA, nor in section 49-3-201(1), MCA, which we have quoted above. The District Court noted that both sections 49-3-201 and 49-2-303, relate directly to discriminatory practices in “employment”. On the other hand, in section 49-2-308, above quoted, the word “employment” is not mentioned in the statute which allows for a possibly discriminatory practice if *270 it is “based on reasonable grounds”. On that distinction, therefore, the District Court concluded, and we agree, that insofar as “employment” is concerned, the legislature has not provided a justification basis for a discriminatory practice in employment on “reasonable grounds”. In so construing the statutes, the District Court ascertained and declared their substance from the plain meaning of the words used, and found no reason to insert what had been omitted by the legislature in determining the legislative intent. Chennault v. Sager (1980), 187 Mont. 455, 610 P.2d 173, 37 St.Rep. 857; Haker v. Southwestern Ry. Co. (1978), 176 Mont. 364, 578 P.2d 724.
However, we do not agree with the District Court’s interpretation of the term “marital status” used in the antidiscriminatory employment statutes.
In construing statutes, whether or not they are in derogation of common law, we are required to construe their provisions liberally, and all proceedings under them, with a view to effect their objects and to promote justice. Section 1-2-103, MCA. The term “marital status” is not defined anywhere in the statutes relating to antidiscriminatory employment practices, and our interpretation of the term should be directed to promoting the objec- ■ tives of these statutes. We therefore hold that a liberal definition of the term “marital status” as used in those statutes, includes the identity and occupation of one’s spouse. Both statutes are strongly worded directives from the legislature prohibiting employment discrimination and encouraging public employers to hire, promote and dismiss employees solely on merit. Sections 49-3-201(1) and 49-2-303(1 )(a), MCA. A narrow interpretation of the termNmarital status” is unreasonable, and could lead to an absurd result. In this case, if plaintiff and his wife were simply to dissolve their marriage, both could keep their jobs. But for the fact this plaintiff is married, he would still be working. The term “marital status” as a -protected classification in the statutes was included to cover this type of unjustified discrimination.
By construing these statutes to find that there is no “reasonable grounds” exception to discriminatory employment *271 practices, and by determining that “marital status” includes the identity and occupation of one spouse as well as whether one is married, single, widowed or divorced, we conclude that plaintiff is entitled to judgment on his complaint as a matter of law. There is no need therefore, for us to reach the question, advanced in part by amici curiae, whether a further hearing is necessary to determine the “business necessity” or “reasonable grounds” basis for the policy adopted by the school board. See, Kraft, Inc. v. State (Minn. 1979), 284 N.W.2d 386; Wash. Water Power v. Wash. State Human Rights (1978), 91 Wash.2d 62, 586 P.2d 1149; Griggs v. Duke Power Co. (1971), 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158. Justification clauses in employment antidiscrimination statutes give rise to cases of disparate impact such as Wash. Water Power, supra, and to disparate treatment cases. See, Yvonne Martinez v. Yellowstone County Welfare Department, 626 P.2d 242, 38 St.Rep. 474 (1981). The inclusion of justification clauses in this kind of legislation is a matter of legislative action and is not within the function of this Court.
The summary judgment in favor of the school board is vacated, and this cause is remanded to the District Court for further proceedings in accordance with this opinion.
MR. JUSTICES HARRISON, DALY and SHEA concur.