MILLER v C A MUER CORPORATION

Docket No. 60299. Submitted November 15, 1982, at Detroit.—Decided
    April 18, 1983. Leave to appeal applied for.

Curt Miller, a waiter at a restaurant owned by C. A. Muer
    Corporation, announced his intention to marry a waitress that
    worked at the same restaurant. The manager of the restaurant
    informed Miller that the corporation had a "no-spouse" rule
    which prohibited married couples from working in the same
    restaurant. Miller was told that if he married his fiancée he
    could either quit, be fired, or transfer to another of the corpora-
    tion's restaurants. Miller quit, married his fiancée and filed suit
    against the corporation in Wayne Circuit Court, alleging that
    defendant's "no-spouse" rule violates the Elliott-Larsen Civil
    Rights Act. The court, Patrick J. Duggan, J., granted defen-
    dant's motion for summary judgment on the ground that
    plaintiff had failed to state a claim upon which relief could be
    granted. Plaintiff appeals. *Held:*

    "No-spouse" rules are prohibited under the Elliott-Larsen
    Civil Rights Act unless it can be shown that a policy of
    discrimination based on marital status can qualify as a bona
    fide qualification reasonably necessary to the normal operation
    of the business. The term "marital status" should be construed
    to include a prohibition against discriminatory employment
    practices based on the identity of one's spouse as well as
    referring to the state of being married. Plaintiff's complaint
    sets forth a claim upon which relief can be granted. The trial
    court's grant of summary judgment is vacated.

    Vacated and remanded.

1. Courts — Court of Appeals — Federal Precedent.
    Federal district court opinions in which Michigan statutes have
    been interpreted may be persuasive with the Court of Appeals
    and are always considered, but they are not binding precedent.

References for Points in Headnotes
[1] 20 Am Jur 2d, Courts §§ 225, 230.
[2, 3] 15 Am Jur 2d, Civil Rights § 176.
    Distinctions based on marital status as constituting sex discrimina-
        tion under § 703(a) of Civil Rights Act of 1964 (42 USCS § 2000e-
        2(a)). 34 ALR Fed 648.

2. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — MARITAL STATUS — "NO-SPOUSE" RULES.

> The term "marital status" in the Elliott-Larsen Civil Rights Act should be construed to include the identity of and occupation of one's spouse rather than just referring to the state of being married where an employer's "no-spouse" rule is being challenged as being violative of the act (MCL 37.2202[1][a]; MSA 3.548[202][1][a]).

3. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — "NO-SPOUSE" RULES.

> An employer's rule that spouses may not work in the same restaurant is prohibited by the Elliott-Larsen Civil Rights Act unless the employer can show that such discrimination is a bona fide occupational qualification reasonably necessary to the normal operation of the business (MCL 37.2208; MSA 3.548[208]).

*Fieger & Fieger, P.C.* (by *Geoffrey N. Fieger*), for plaintiff.

*Karl R. Bennett, Jr., P.C.* (by *Karl R. Bennett, Jr.*), for defendant.

Before: WAHLS, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

M. J. KELLY, J. Plaintiff appeals as of right from an order granting summary judgment, GCR 1963, 117.2(1), in favor of defendant.

Plaintiff was employed as a waiter at one of defendant's restaurants. Plaintiff announced his intention to marry a waitress that worked at the same restaurant. Plaintiff was informed by the restaurant manager that the defendant corporation's "no-spouse rule" forbade married couples from working in the same restaurant. Plaintiff was offered three alternatives: quit, be fired, or trans-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fer to another of defendant's restaurants. Plaintiff quit and married his fiancée.

Plaintiff initiated this action based on the Elliott-Larsen Civil Rights Act, MCL 37.2101-37.2804; MSA 3.548(101)-3.548(804). Specifically, plaintiff sought a declaration that defendant's no-spouse rule violated MCL 37.2202(1)(a); MSA 3.548(202)(1)(a),[1] which prohibits discriminatory employment practices based on marital status. Additionally, plaintiff sought injunctive relief, damages, attorney fees, witness fees, interest, and costs. Defendant's motion for summary judgment on the ground that plaintiff had failed to state a claim upon which relief could be granted, GCR 1963, 117.2(1), was granted.

Whether a no-spouse rule violates the Elliott-Larsen Civil Rights Act's prohibition against employment discrimination on the basis of marital status is a question of first impression. We note that a federal district court has stated that a no-spouse rule does not violate this act. See *Klanseck v Prudential Ins Co of America,* 509 F Supp 13 (ED Mich, 1980).[2] While federal district court opinions interpreting Michigan statutes may be persuasive with this Court and are always considered, they are not binding precedent. See *Civil Rights*

---

[1] "(1) An employer shall not:

"(a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment compensation, or a term, condition, or privilege of employment, because of * * * marital status."

[2] The learned and highly respected federal district court judge Thomas P. Thornton decided that Prudential's policy fell within the terms of the statute which allowed the exemptions from the general rule prohibiting discrimination upon a showing of a bona fide occupational qualification "reasonably necessary to the normal operation of the business". See MCL 37.2208; MSA 3.548(208). The possibility of such an exemption has not been decided here and defendant may prevail below if it can bring itself within the bona fide occupational qualification exemption or successfully assert any other affirmative defense.

*Comm v Chrysler Corp,* 80 Mich App 368, 375, fn 4; 263 NW2d 376 (1977).

While Michigan courts have not addressed the legality of no-spouse rules in light of the Elliott-Larsen Civil Rights Act, courts of other states have addressed the issue in light of analogous statutes existing in their states. In those states, whether the no-spouse rules have been upheld has hinged on the meaning assigned to the term "marital status". If the term is given a restricted meaning, finding "marital status" limited to the state or condition of being married, no-spouse rules have been upheld because they do not discriminate against individuals because they are married, but merely because of the employment of marriage partners. See, *e.g., Thomson v Sanborn's Motor Express, Inc,* 154 NJ Super 555; 382 A2d 53 (1977); *Manhattan Pizza Hut, Inc v New York State Human Rights Appeal Bd,* 51 NY2d 506; 415 NE2d 950 (1980). Conversely, given an expansive meaning, finding "marital status" to include the identity and occupation of one's spouse, no-spouse rules have been held unlawful. See, *e.g., Washington Water Power Co v Washington State Human Rights Comm,* 91 Wash 2d 62; 586 P2d 1149 (1978); *Kraft, Inc v State,* 284 NW2d 386 (Minn, 1979); *Thompson v Bd of Trustees, School Dist No 12, Harlem, Blaine County,* 627 P2d 1229 (Mont, 1981).

Marital status is not defined in the Elliott-Larsen Civil Rights Act. As evidenced by the split among the jurisdictions surveyed above, the phrase can be subject to different interpretations within the context of a civil rights act. It can refer solely to the state of being married or can also refer to the identity of one's spouse. Where a statute is found subject to two different interpretations, leg-

islative intent may be found by looking to the purposes and objectives sought to be accomplished by the legislation. *Bennetts v State Employees Retirement Bd,* 95 Mich App 616, 622; 291 NW2d 147 (1980). The Elliott-Larsen Civil Rights Act presents a comprehensive legislative scheme designed to prevent, in part, discriminatory employment practices based on arbitrary classifications. The Legislature's intent would be furthered by construing the term "marital status" to include a prohibition against discriminatory employment practices based on the identity of one's spouse. Consistent with this approach, we find that no-spouse rules, such as the one employed by defendant, are prohibited, unless the classification can qualify as a bona fide occupational qualification reasonably necessary to the normal operation of the business. See MCL 37.2208; MSA 3.548(208).

In the instant case, the trial court's grant of summary judgment is vacated. Under our interpretation of the term "marital status", plaintiff's complaint sets forth a claim upon which relief can be granted.

Vacated and remanded.